# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TAMMY POWERS, | : | Case No. 3:19-cv-403 |
| Plaintiff, | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

**I.     INTRODUCTION**

Plaintiff Tammy Powers brings this case challenging the Social Security Administration's most recent denial of her applications for Disability Insurance Benefits and Supplemental Security Income. This is her second case before this Court concerning the Social Security Administration's denial of her applications.

Previously, in October 2013, Plaintiff filed applications for Disability Insurance Benefits, Supplemental Security Income, and for a period of disability benefits. Her applications were denied initially and upon reconsideration. After a hearing at Plaintiff's request, Administrative Law Judge (ALJ) Robert Senander concluded she was not eligible

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

1

for benefits because she was not under a "disability" as defined in the Social Security Act. The Appeals Council denied Plaintiff's request for review, and she filed a case before this Court, resulting in a decision vacating the Commissioner's non-disability finding and remanding the case for further administrative proceedings.

On remand, ALJ Gregory Kenyon held a hearing and ultimately concluded that Plaintiff was not eligible for benefits because she was not under a "disability" as defined in the Social Security Act. Plaintiff did not request review by the Appeals Council opting to directly file suit with this Court. She seeks a remand for benefits rather than for further proceedings. The Commissioner responds that if the Court cannot affirm the ALJ's non-disability decision, remand, and not an award of benefits is the proper remedy.

This case is before the Court upon Plaintiff's Statement of Errors (Doc. No. 9), the Commissioner's Memorandum in Opposition (Doc. No. 13), Plaintiff's Reply (Doc. No. 14), and the administrative record (Doc. No. 6).

## II. BACKGROUND

Plaintiff asserts that she has been under a disability since August 15, 2013. At that time, she was forty-two years old. Accordingly, she was considered a "younger person" under Social Security Regulations. *See* 20 C.F.R. § 404.1563(c); 20 C.F.R. § 416.963(c).[2] Plaintiff has at least a high school education.

---

[2] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

The evidence of the record is sufficiently summarized in the ALJ's decision (Doc. No. 6-10), Plaintiff's Statement of Errors (Doc. No. 9), the Commissioner's Memorandum in Opposition (Doc. No. 13), and Plaintiff's Reply (Doc. No. 14). Rather than repeat these summaries, the Court will focus on the pertinent evidence in the discussion below.

## III. STANDARD OF REVIEW

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability"— as defined by the Social Security Act—has specialized meaning of limited scope. It encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing a significant paid job—i.e., "substantial gainful activity," in Social Security lexicon. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen,* 476 U.S. at 469-70.

Judicial review of an ALJ's non-disability decision proceeds along two lines: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Review for substantial evidence is not driven by whether the Court agrees or disagrees with the ALJ's factual findings or by whether the administrative record contains evidence contrary to those factual findings. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th

Cir. 2014); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Instead, the ALJ's factual findings are upheld if the substantial-evidence standard is met – that is, "if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Blakley*, 581 F.3d at 407 (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance . . . ." *Rogers*, 486 F.3d at 241 (citations and internal quotation marks omitted); *see Gentry*, 741 F.3d at 722.

The other line of judicial inquiry— reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009); *see Bowen*, 478 F.3d at 746. "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting in part *Bowen*, 478 F.3d at 746, and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## IV. THE ALJ'S DECISION

As noted previously, ALJ Kenyon was tasked with evaluating the evidence related to Plaintiff's applications for benefits. In doing so, ALJ Kenyon considered each of the five sequential steps set forth in the Social Security regulations. *See* 20 C.F.R. § 404.1520. He reached the following main conclusions:

4

| | |
|---|---|
| Step 1: | Plaintiff has not engaged in substantial gainful employment since August 15, 2013, the alleged onset date. |
| Step 2: | She has the severe impairments of residuals of malignant melanoma of the skin; mild lumbar spine and cervical spine degenerative disc disease; residuals of a left ankle sprain; tenosynovitis of the left wrist; bilateral carpal tunnel syndrome; a bipolar disorder; depression; and anxiety disorder. |
| Step 3: | She does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | Her residual functional capacity ("RFC"), or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "light work [ ] subject to the following limitations: (1) occasional crouching, crawling, kneeling, stooping, balancing and climbing of ramps and stairs; (2) no climbing of ladders, ropes, and scaffolds; (3) no work around hazards such as unprotected heights or dangerous machinery; (4) occasional use of the left lower extremity for foot controls; (5) limited to indoor work; (6) frequent use of the upper extremities for handling and fingering; (7) no concentrated exposure to temperature extremes or respiratory irritants; (8) limited to performing unskilled, simple, repetitive tasks; (9) occasional contact with coworkers and supervisors; (10) no public contact; (11) no fast paced production work or jobs which involve strict production quotas; and (12) limited to performing jobs which involve very little, if any, change in the job duties or the work routine from one day to the next." |
| Step 4: | She cannot perform any of her past relevant work. |
| Step 5: | She can perform a significant number of jobs that exist in the national economy. |

(Doc. No. 6-10, PageID 1126-39). These main findings led the ALJ to ultimately conclude that Plaintiff was not under a benefits-qualifying disability. *Id.* at 1139.

5

## V. DISCUSSION

Plaintiff sets forth several errors in the present action. First and foremost, she challenges the assessment of the medical opinion evidence, specifically opinions from treating source, Dr. Julie Gentile, and other source, Nurse Tracey Pankey. She also takes issue with the evaluation of her carpal tunnel syndrome and the limiting effects of her symptoms. Lastly, she asserts that no medical opinion supports the residual functional capacity assessment and that the decision is not supported by substantial evidence.

### I. Treating Source Opinion

Social Security Regulations require ALJs to generally extend "greater deference…to the opinions of treating physicians than to those of non-treating physicians, commonly known as the treating physician rule." *Rogers*, 486 F.3d at 242. The Commissioner must afford controlling weight to a treating physician opinion when it is (1) well-supported by medically acceptable clinical and laboratory diagnostic techniques, and (2) not inconsistent with the other substantial evidence in the record. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (citing 20 C.F.R. § 404.1527(c)(2)).

If the opinion is not controlling, then the ALJ must consider the regulatory factors, which include "the length, frequency, nature, and extent of the treatment relationship as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence." *Id.* (citing 20 C.F.R. § 404.1527(c)(2)-(6)). Additionally, in discounting the weight given to a treating

physician opinion, the ALJ must provide "good reasons" that are "supported by the evidence in the case record." *Id.* (citing Soc. Sec. Rul. No. 96-2p, 1996 SSR LEXIS 9 at *12, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996)). This "clear procedural requirement" certifies "that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting Soc. Sec. R. 96-2p, 1996 WL 374188, at *5).

Treating psychiatrist, Dr. Julie Gentile, rendered an opinion as to Plaintiff's mental impairments. Dr. Gentile's opinion was afforded "little weight." (Doc. No. 6-10, PageID 1135). Her opinions were found to be undeserving of controlling weight—but the actual basis for this finding is unclear. Because, rather than actually assessing her opinions for controlling weight, the ALJ merely recounted the treating physician rule and stated that:

> Since [her opinion] cannot be given controlling weight, Dr. Gentile's opinion must be analyzed to determine the appropriate weight that can be given to this opinion.

(Doc. No. 6-10, PageID 1135). Indeed, the Commissioner agrees that the ALJ did not apply the two-step test set forth above. Yet, the Commissioner argues this is not reversible error because the decision "need not discuss each step in the treating physician rule so long as the court can clearly understand the weight granted to a treating source's opinion and the ALJ articulated good reasons for that weight." (Doc. No. 13, PageID 2747).

But, even that threshold is not satisfied here. Ultimately, "the failure to provide 'good reasons' for not giving Dr. [Gentile's] opinions controlling weight hinders a

7

meaningful review of whether the ALJ properly applied the treating physician rule that is at the heart of this regulation." *Gayheart*, 701 F.3d at 377 (citing *Wilson*, 378 F.3d at 544). Even if Dr. Gentile's opinions were properly assessed for controlling weight, the remaining evaluation of the weight afforded to her opinions is not supported by substantial evidence.

A primary reason for affording Dr. Gentile's opinions "little weight" was because there was "significant contrast" between her opinions and those rendered by consultative psychologist, Dr. Jerry Flexman:

> At baseline, the undersigned is aware that Dr. Gentile is entitled to greater weight than Dr. Flexman before analyzing the evidence purely based on Gentile's status as a treating physician compared with Flexman's status as an examining physician. However, Flexman barely found any severe mental impairment after examining the claimant. This is a significant contrast with Gentile's opinion that the claimant is unable to perform any substantial gainful activity given the burdensome limitations suggested by Gentile.

(Doc. No. 6-10, PageID 1135). There are several issues with this rationale.

First, it is understandable that there would be "significant contrast" between Dr. Gentile's opinion and Dr. Flexman's opinion where Dr. Flexman found that Plaintiff had no severe mental impairments. Indeed, there is no dispute that Plaintiff has several severe mental impairments including bipolar disorder, depression and anxiety disorder. *Id.* at 1126-27. Her treatment records from Access Ohio, which include Dr. Gentile's treatment records, supported this finding. *Id.* at 1134. Therefore, relying on Dr. Flexman's opinion in this way, given that his report reflected no severe mental impairment, was improper.

8

Another issue with the significant reliance on Dr. Flexman's opinion, to the end of discrediting Dr. Gentile's opinion, is that Dr. Flexman rendered his opinion before Dr. Gentile even began treating Plaintiff for her mental impairments. This means that Dr. Flexman rendered his opinion without access to the entire record, which in addition to Dr. Gentile's treatment records, also included treatment records from Plaintiff's subsequent providers at Access Ohio, such as Nurse Pankey and Brian Dixon.

Notably, in the previous case, this Court emphasized that the gap between Dr. Flexman's review "is especially important, where, as here, the more contemporary evidence may make the previous opinion 'untenable.'" *Powers v. Comm'r of Soc. Sec.*, 356 F. Supp. 3d 695, 702 (S.D. Ohio 2018) (Newman, M.J.), report and recommendation, adopted, 356 F. Supp. 3d 695, 698 (S.D. Ohio 2018) (Rose, D.J.) (citation omitted). Likewise, this Court also explained that while the ALJ could afford weight to Dr. Flexman's opinion even though he did not review the entire record, "the ALJ 'must give some indication' that he [or she] 'at least considered' that the source did not review the entire record…" *Id.* (citing *Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 632 (6th Cir. 2016)) (internal quotations omitted) (citation omitted). This was not done here.

Even looking to the independent assessment of Dr. Flexman's opinion, there is no consideration of the fact that Dr. Flexman lacked access to the entire record, or even Dr. Gentile's treatment records. Instead, Dr. Flexman's opinions were afforded "partial weight" despite the fact that his assessment did not reflect any severe mental impairment,

9

which is contrary to Plaintiff's subsequent treatment records. (Doc. No. 6-10, PageID 1135). For these reasons, substantial evidence does not support the ALJ's reliance on Dr. Flexman's opinion as a primary reason for affording Dr. Gentile's opinions "little weight."

In addition, the undersigned further finds that other reasons for affording Dr. Gentile's opinions "little weight" are not supported by substantial evidence. For instance, in addressing the regulatory factors, the ALJ classified Plaintiff's mental health treatment as "inconsistent." (Doc. No. 6-10, PageID 1135). This is misleading. After an initial evaluation in April 2014, Plaintiff regularly saw Dr. Gentile at Access Ohio from May 2014 through September 2015, and had approximately a dozen encounters with her during that period. (Doc. No. 6-8, PageID 892-918). Likewise, Plaintiff was subsequently treated by Nurse Pankey and Mr. Dixon through Access Ohio. (Doc. No. 6-10, PageID 1136).

Similarly, the ALJ determined that Dr. Gentile's opinions were not supported by Plaintiff's treatment history because while she did "endorse symptoms of depression and anxiety…her complaints [were] situational and transitory" as they were related to concerns about her physical health and her son's legal difficulties. (Doc. No. 6-10, PageID 1135).

Plaintiff asserts that this categorization is illogical and ignores the guidance set forth in Soc. Sec. Ruling 85-16, which speaks to evaluating mental health impairments. On the other hand, the Commissioner asserts that "even if the ALJ erred in characterizing Plaintiff's treatment history as such, any error should be deemed harmless in light of the ALJ's consideration of the overall evidence…" (Doc. No. 13, PageID 2751).

The undersigned agrees with Plaintiff's assertion that such a categorization lacks foundation and is not supported by substantial evidence. As noted above, the evidence of record indicates that Plaintiff received ongoing treatment for her mental health impairments through several providers, including Dr. Gentile. She was also admitted to the emergency department in March 2017 for a suicide attempt after an intentional overdose. (Doc. No. 6-17, PageID 1851). Plaintiff reported a desire to sleep "forever." *Id.* at 1853. She was later discharged from the ICU after denying any continued suicidal ideations. *Id.* at 1868.

Likewise, treatment records reflect that Dr. Gentile regularly observed that Plaintiff had limited insight and judgment, and in later records, that Plaintiff's thought process was tangential or circumstantial. (Doc. No. 6-8, PageID 892, 894, 896, 899, 901, 903, 905, 907, 909, 911, 913, 915, 917). These observations appear to be independent of Plaintiff's reported concerns about situational stressors, such as her physical health and her son's legal difficulties. As a result, the attempts to frame Plaintiff's mental health impairments as fleeting and situational further undermine the ALJ's assessment of Dr. Gentile's opinions.

Accordingly, for the above reasons, Plaintiff's asserted error is well-taken.[3]

## VI. REMAND

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial

---

[3] In light of the foregoing, the undersigned declines to address Plaintiff's remaining claims.

right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99, 111 S. Ct. 2157, 115 L. Ed. 2d 78 (1991). A remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming, and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to an Order remanding this case to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record under the applicable legal criteria mandated by the Commissioner's Regulations and

Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether her applications for Disability Insurance Benefits and Supplemental Security Income should be granted.[4]

## IT IS THEREFORE RECOMMENDED THAT:

1. The Commissioner's non-disability finding be vacated;

2. No finding be made as to whether Plaintiff Tammy Powers was under a "disability" within the meaning of the Social Security Act;

3. This matter be **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this decision; and

4. The case be terminated on the Court's docket.

June 25, 2021                          *s/Sharon L. Ovington*
                                                         Sharon L. Ovington
                                                         United States Magistrate Judge

---

[4] This Court previously dictated that "if, upon remand, the ALJ finds that he cannot afford appropriate weight to the opinions of Dr. Flexman, Dr. Seleshi, nor Dr. Gentile, the ALJ may need to employ a Medical Examiner to review Plaintiff's record to aid his mental health determination." *Powers*, 356 F. Supp. 3d at 703, n.8. In light of the foregoing, the undersigned reiterates that, on remand, the ALJ should consider whether a Medical Examiner is appropriate for this purpose.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).